TED WIENS FIRESTONE, INC., A NEVADA CORPORATION, APPELLANT, v. WILLIAM G. RAYSON, RESPONDENT.

No. 5810

October 29, 1969                    460 P.2d 150

*Raymond E. Sutton,* of Las Vegas, for Appellant.

*Wiener, Goldwater & Galatz,* and *J. Charles Thompson,* of Las Vegas, for Respondent.

**OPINION**

By the Court, MOWBRAY, J.:

Respondent, William G. Rayson, purchased from appellant, Ted Wiens Firestone, Inc., a Sabre Craft motor boat. Rayson traded in his 27-foot Fairliner motor boat on the purchase of the new boat, and Wiens allowed him $4,200 for the old boat, to be applied as follows: Wiens agreed to (1) pay off the remaining indebtedness of $800 due the Bank of Nevada on the Fairliner; (2) pay a repair bill of $200 on the Fairliner to the owner of Las Vegas Boat Harbor at Lake Mead, where the Fairliner was moored; and (3) give Rayson a credit memo of $3,200 to be applied on his purchase of the Sabre Craft. Wiens performed Items 2 and 3, but never paid the Bank, and here rests the crux of the case.

The boat was originally purchased by one Hoinoski and financed by Bank for $7,950, with monthly payments of $132.50. Hoinoski sold the boat to Douglas Spencer and Associates, who sold it to Rayson. Apparently neither Spencer nor Rayson expressly informed Bank of the sale, but Rayson, who had obtained the payment book from Spencer, continued to make the monthly payments due on the loan and reduced the indebtedness to $800—the sum Wiens agreed to pay. Rayson gave Wiens a bill of sale to the Fairliner at the time of the trade, and soon thereafter Wiens sold the boat to a Mack Parker, also pursuant to a bill of sale. Wiens, however, never paid Bank, although Rayson continually reminded Wiens to do so—and even offered to do so himself—and the loan was soon in default. Bank notified Hoinoski of the default; Hoinoski paid the $800, went to the boat slip, and took the boat. When Wiens refused to honor the $3,200 credit memo, Rayson brought suit. The district judge found in favor of Rayson and awarded him a $3,200 judgment plus costs and $500 attorneys' fees. We affirm the judgment of the lower court.

Wiens's principal argument on this appeal is that Rayson did not effectively transfer interest in the boat to Wiens, as he

did not give Wiens a "transfer of equity," but gave Wiens only a bill of sale. Wiens's contention is without merit. It is well settled that a bill of sale has the legal effect of transferring to the buyer whatever and all interest the seller had in the property. See NRS 104.2401 et seq.; 46 Am.Jur. *Sales* § 451 (1943), at 614.

The loan at all times stood in Hoinoski's name on Bank's books. The record before us does not reflect whether Bank had been given actual notice of the Hoinoski-Spencer-Rayson transactions. Yet it does reflect that Bank knew Rayson was in possession of the payment book and had, for over a year, been making the monthly payments of $132.50 to Bank as they became due. Bank had entered a notation on its ledger that Rayson had been making the installment payments. Hoinoski, apparently, when he received notice of the default, saw the opportunity to obtain his former boat for a mere $800, and he did just that. Neither Bank nor Hoinoski is before us in these proceedings.

The evidence shows that on three separate occasions Rayson personally called on Gordon Saxton, Wiens's agent, and inquired about the status of the payoff. Saxton replied that "everything was in normal channels," that "everything was fine." When, on his third visit, Rayson informed Saxton that the loan was in default and even offered to pay it, Saxton replied that such action by Rayson would not be necessary.

Under the factual posture of this case as between Rayson and Wiens, the district judge was correct in awarding judgment in favor of Rayson.

Affirmed.

COLLINS, C. J., ZENOFF, BATJER, and THOMPSON, JJ., concur.